**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROD A. HUFF JR., LLC**,**<br><br>　　　　　　　Petitioner,<br><br>　　v.<br><br>BEVERLY HILLS POLICE DEPARTMENT, et al.,<br><br>　　　　　　　Respondents. | Case No. CV 24-04539 AB (RAO)<br><br>**ORDER DISMISSING ACTION** |

### I.　INTRODUCTION

On May 19, 2024, Rod A. Huff, Jr. ("Petitioner"), a pretrial detainee proceeding *pro se*, constructively filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241.[1]  (ECF No. 1 ("Pet.").)  At the time of constructive filing, Petitioner was being held in a jail in Los Angeles County.[2]

---

[1] Under the "mailbox rule," when a *pro se* petitioner gives prison or jail authorities a pleading to mail to court, the court deems the pleading constructively filed on the date it is signed.  *Roberts v. Marshall*, 627 F.3d 768, 770 n.1 (9th Cir. 2010).  Here, the Petition was filed in this Court on May 28, 2024.

[2] Petitioner filed a notice of change of address on May 28, 2024, in another pending habeas action, *Huff v. Los Angeles County Superior Court*, Case No. 24-04115 AB

The Petition alleges violations of the Fourth Amendment, the California Homestead law, and the Patent and Copyright Clause of the U.S. Constitution. (Pet. at 7.)[3] Attached to the Petition is a copy of a felony complaint in the matter of *People v. Rod Anthony Huff, Jr.*, Case No. SA109037 (filed October 31, 2023), currently pending in the Los Angeles County Superior Court. (Pet. at 10-15.)

Because Petitioner's criminal case is ongoing, the Court must abstain under *Younger v. Harris*, 401 U.S. 37 (1971), and dismiss the Petition without prejudice.

## II.   DISCUSSION

Federal courts must abstain from interfering in pending state proceedings absent extraordinary circumstances that create a threat of irreparable injury. *Younger*, 401 U.S. at 45–46. Abstention under *Younger* is warranted where the state proceedings (1) are ongoing; (2) implicate important state interests; and (3) provide an adequate opportunity to litigate the petitioner's federal constitutional claims. *Middlesex Cty. Ethics Comm. V. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Dubinka v. Judges of Super. Ct. of State of Cal.*, 23 F.3d 218, 223 (9th Cir. 1994). A claimant may avoid application of the *Younger* abstention doctrine by demonstrating that there is bad faith, harassment, or some other extraordinary circumstance where irreparable injury can be shown. *See Perez v. Ledesma*, 401 U.S. 82, 85 (1971).

First, this Court takes judicial notice of the docket of the Los Angeles County Superior Court,[4] which shows that Petitioner's criminal matter remains pending. *See Criminal Case Access*, https://www.lacourt.org/criminalcasesummary/ui/ (last

---

(RAO) (C.D. Cal. filed Apr. 25, 2024) (Dkt. No. 7), listing Patton State Hospital as his new address.

[3] The Court will use the page numbers assigned by the ECF system for the Petition and its attachments.

[4] *See* Fed. R. Evid. 201; *Harris v. Cty. of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012) (holding a district court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).

2

visited June 7, 2024). The pendency of the matter before the superior court weighs in favor of abstention. *See Drury v. Cox,* 457 F.2d 764, 764–65 (9th Cir. 1972) (stating that only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after a judgment has been appealed from, and the case has been concluded in state courts).

Second, the state court proceedings implicate important state interests, particularly the State of California's interest in the order and integrity of its criminal proceedings. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief."). Accordingly, the second *Younger* factor weighs in favor of abstention.

Third, Petitioner has an adequate opportunity to raise any federal habeas claims in his pending state court criminal proceedings. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) (finding that a federal court should assume that state procedures will afford adequate opportunity for consideration of constitutional claims "in the absence of unambiguous authority to the contrary"). Therefore, the final *Younger* factor also weighs in favor of abstention.

Finally, Petitioner has not alleged facts showing bad faith, harassment, extraordinary circumstances, or irreparable injury. Because all three criteria for *Younger* abstention apply and there is no compelling reason for federal intervention at this time, the Court abstains from interfering with Petitioner's pending state criminal proceedings. *See Middlesex*, 457 U.S. at 435.

///
///
///
///
///

3

### III.  CONCLUSION

IT IS ORDERED that the Petition is dismissed without prejudice.

DATED: June 10, 2024

*[signature]*

ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE